IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY L. SPRADLING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CIV-08-793-D |
| v. | ) |
| | ) |
| MIKE ADDISON, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Lewd Acts with a Child Under 16, Sexual Battery, and two counts of Rape by Instrumentation entered in the District Court of Logan County, Case No. CF-2003-279. Respondent has responded to the Petition and filed the relevant state court records, including the transcript of Petitioner's jury trial (hereinafter "TR__"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

Petitioner was charged in Case No. CF-2003-279, with multiple counts of the offenses of Lewd Acts with a Child Under 16, Sexual Battery, and Rape by Instrumentation. Petitioner

1

retained counsel and proceeded to a jury trial conducted on December 6-8, 2004, on forty felony counts charging sexual abuse of his two daughters over a 13-year period. TR vol. I, 4-22. On December 8, 2004, the jury entered a verdict finding Petitioner guilty of four of the counts, including one count of Lewd Acts with a Child Under 16 (count two), one count of Sexual Battery (count ten), and two counts of Rape by Instrumentation (counts eleven and nineteen), and acquitting Petitioner of the remaining thirty-six counts. TR vol. II, 361-368. Petitioner was sentenced to a term of five years of imprisonment for each of the convictions, consistent with the jury's sentencing recommendation, and the trial court ordered the sentences to be served consecutively.

Petitioner appealed the convictions, represented by the same retained counsel, and asserted that the charges in counts two and eleven were time-barred, that the information was defective because it did not set forth the dates of the offenses with certainty, and that improper expert opinion was admitted. The Oklahoma Court of Criminal Appeals ("OCCA") rejected each of these claims and affirmed the convictions and sentences. Petition, Ex. 1 (Spradling v. State, Case No. F-2005-165 (Okla. Crim. App. Sept. 20, 2006)(unpublished summary op.)).

Petitioner subsequently sought post-conviction relief in the district court with new counsel, alleging that (1) he was denied his Sixth Amendment right to effective assistance of counsel due to his trial counsel's failure to move to quash count nineteen for insufficient evidence presented at the preliminary hearing; (2) he was denied his Sixth Amendment right to effective assistance of counsel due to his appellate counsel's failure to challenge the

sufficiency of the evidence presented at trial with respect to counts two, eleven, and nineteen; (3) the trial court erred in failing to require the prosecution to elect the acts upon which each of the charges was based, and trial/appellate counsel was ineffective in failing to raise this claim; and (4) Petitioner's convictions for Lewd Acts with a Child Under 16 and Rape by Instrumentation in counts two and eleven violated his constitutional and statutory rights to be protected from double jeopardy, and his trial/appellate counsel was ineffective in failing to raise this claim. Response, Ex. 2. The district court denied post-conviction relief, and Petitioner appealed. Response, Exs. 4, 5. In an Order entered April 10, 2008, the OCCA affirmed the district court's decision. Response, Ex. 6 (Spradling v. State, Case No. PC-2007-1051 (Okla. Crim. App. Apr. 10, 2008)(unpublished op.)).

In his 28 U.S.C. § 2254 Petition, Petitioner asserts two grounds for habeas relief. Petitioner urges in ground one that he was denied his Sixth Amendment right to effective assistance of trial and appellate counsel when his trial attorney did not request that the prosecution be required to elect the acts upon which each of the charges was based and his appellate counsel failed to raise this issue in his direct appeal. In ground two, Petitioner asserts that he was denied effective assistance of counsel due to his trial counsel's failure to challenge the charges in counts two and eleven on double jeopardy and multiple punishment grounds and due to his appellate counsel's failure to raise this claim in his direct appeal.

A defendant in a criminal proceeding has a constitutional right to the effective assistance of counsel at trial and on a direct appeal as of right. U. S. Const. amend. VI; Evitts v. Lucey, 469 U.S. 387, 393-395 (1985); Strickland v. Washington, 466 U.S. 668, 688

3

(1984). A habeas petitioner's claim that he was denied his Sixth Amendment right to effective assistance of counsel is governed by the two-part test set forth in Strickland, supra. To establish ineffective assistance of counsel in violation of the Sixth Amendment, the petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 688; Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997). Counsel's performance is evaluated from the attorney's perspective at the time of the assistance, considered in light of all the circumstances prevailing at that time, and indulging a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-689.

Where, as in this case, a habeas petitioner's ineffective assistance claims have been resolved on their merits under the Strickland standard and denied by the state courts, federal habeas relief will be granted only if the state court's decision was contrary to or involved an unreasonable application of the governing Strickland standard. 28 U.S.C. § 2254(d)(1); Bell v. Cone, 535 U.S. 685 (2002); see House v. Hatch, 527 F.3d 1010, 1018 (10th Cir. 2008). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). Federal courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting

H. R. Conf. Rep. No. 104-518, p. 111 (1996)).  A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).  With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson,  542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).

As to any factual issues raised in the Petition, the court must determine whether the state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  In this regard, AEDPA mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

I. Election of Offenses

In his first ground for habeas relief, Petitioner relies on Oklahoma's common-law-created election rule which requires that in criminal cases involving a charge of rape

> if no motion is made to require the state to elect, the trial court, of its own motion, should require the prosecution to elect upon which of said acts it will rely...and should by proper instruction limit the jury to a consideration of such particular act as a basis for conviction and limit the consideration of other acts as corroboration and as showing the relation of the parties.

Cooper v. State, 238 P. 503, 504 (Okla. Crim. App. 1925). See Crawford v. State, 688 P.2d 347, 348 (Okla. Crim. App. 1984)("It is true rape is not a continuous offense, and where a single act of intercourse is charged and a series is proven in a prosecution for rape, the prosecution must make an election" except in circumstances where "two acts of rape have occurred within a short period of time."). The OCCA has recognized that this election principle arises from both Oklahoma's constitutional requirement guaranteeing a criminal defendant the right to a unanimous verdict, Okla. Const. Art. II, § 19, and the criminal defendant's "constitutional right to be put on trial for a single offense...." Cody v. State, 361 P.2d 307, 320 (Okla. Crim. App. 1961).[1]

---

[1] An exception to the election rule has been recognized by the OCCA in cases involving child abuse. In Ives v. Boone, 101 Fed. Appx. 274, 293-294, 2004 WL 1240875, *17 (10th Cir. June 7, 2004)(unpublished op.), the court explained that "[a]lthough Oklahoma law generally requires a conviction be based on a single act, ... Oklahoma courts have carved an exception to this rule in child abuse cases where the abused child is 'under the exclusive domination of one parent for a definite and certain period of time and submits to sexual acts at that parent's demand.'")(citing Gilson v. State, 8 P.3d 883 ,899 (Okla. Crim. App. 2000), cert. denied, 532 U.S. 962, 121 S.Ct. 1496, 149 L.Ed.2d 381 (2001))(internal citations omitted). If these circumstances exist, " separate acts of abuse may be treated as one transaction" in Oklahoma. Id.

Petitioner contends his defense counsel should have requested that the prosecutor be required to elect the acts on which the charges were based because the prosecutor's statements in closing argument encouraged the jury to find Petitioner guilty based on multiple allegations of abuse, including allegations that were not charged. The OCCA rejected the underlying claim of trial court error in Petitioner's post-conviction appeal and found that no election by the prosecution was necessary under the circumstances. The OCCA explained that "[w]hile the abuse in this case constituted a continuous offense, the State specifically elected to charge Petitioner with 40 separate and distinct offenses which it alleged took place during the relevant time period. By so doing, the State elected to specifically charge Petitioner, with separate counts for each alleged offense." Response, Ex. 6, at 6. The OCCA's interpretation of state law is controlling in this Court. Bradshaw v. Richey, 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); Johnson v. Mullin, 505 F.3d 1128, 1141-1142 (10th Cir. 2007)(noting that "'it is not the province of a federal habeas court to reexamine state court determinations on state-law questions'")(quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)), cert. denied, __ U.S. __, 128 S.Ct. 2933 (2008). .

Given the OCCA's determination that Oklahoma law did not require the prosecution to elect the acts upon which the charges were based, the OCCA's analysis of the Petitioner's ineffective assistance claim was a reasonable application of the Strickland standard. Petitioner's trial counsel's failure to move for election of acts under circumstances that would

not support such a motion under Oklahoma law was not objectively unreasonable, and it was not unreasonable for Petitioner's appellate counsel to fail to raise an argument contrary to Oklahoma law, as interpreted by the OCCA.  Moreover, in view of the OCCA's interpretation of state law, Petitioner cannot show prejudice as a result of his trial counsel's failure to request the prosecution be required to elect acts on which the charges were based or as a result of his appellate counsel's failure to raise the issue in his direct appeal.  Thus, Petitioner is not entitled to habeas relief concerning this claim.

II. Double Jeopardy

In ground two, Petitioner contends that his convictions for Lewd Act with a Child Under Sixteen (count two) and Rape by Instrumentation (count eleven) violate the Double Jeopardy Clause's protection against multiple punishments for the same offense.  Petitioner contends that these convictions also violate Oklahoma's constitutional and statutory double punishment provisions.  See Okla. Stat. tit. 21, § 11.  However, as Petitioner admits in the Petition, count two and count eleven of the information each charged distinct acts of sexual abuse, one involving touching a child in a lewd manner and the other involving the use of an object to penetrate the victim without her consent.  TR vol. I, at 4, 9.  The OCCA rejected this same contention, finding that

> Petitioner was charged with committing numerous offenses against each of the victims over an extended period of time. Testimony received from the victims included descriptions of numerous types of abuse, which included numerous acts of digital penetration, and other acts which consisted [of] touching the victims' private body parts.  Again, testimony was voluminous, and was elicited to support each of the charges

> brought against Petitioner. While it is possible that the charge of Lewd Acts could be a lesser included offense of Rape by Instrumentation, we find there was sufficient evidence presented to support convictions for both counts. Finding no error in this case, we can find no support for Petitioner's claims of ineffective assistance of trial or appellate counsel.

Response, Ex. 6, at 6.

In a similar case involving Oklahoma law, Boomershine v. Kaiser, 952 F.2d 409 (Table), 1992 WL 7446 (10th Cir. Jan. 15, 1992)(unpublished op.), a habeas petitioner asserted that the crimes of indecent exposure and lewd acts with a child under fourteen were necessary elements of and lesser included offenses of the crime of attempted rape, and his consecutive sentence for a conviction for attempted rape, in addition to his convictions and sentences for indecent exposure and lewd acts, violated his constitutional guarantee against double jeopardy. Id. at *3. The circuit court noted that the OCCA had denied relief on this same claim based on its conclusion that the Oklahoma legislature intended multiple punishments for the petitioner because the crime of attempted rape required proof of facts that the crimes of indecent exposure and lewd acts did not, and therefore the petitioner's double jeopardy challenge to his consecutive sentences had no merit. Id. The circuit court rejected the double jeopardy challenge as well, noting that it was bound by the OCCA's interpretation of the state's statutes. Id. at *4. The court reasoned that "[i]n cumulative sentencing situations, such as here, the double jeopardy clause 'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" Id. (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). "Where, as here, a state court has

determined that the state legislature intended multiple punishments, a federal habeas court must defer to that determination." Id.

The same reasoning applies with equal force here. The OCCA rejected Petitioner's double jeopardy claim based on the court's conclusion that multiple punishments were permitted by the Oklahoma legislature because sufficient evidence existed in the trial record to support the separate convictions for both counts. Consequently, this Court should defer to the OCCA's determination. The OCCA further found that Petitioner's claims of ineffective assistance of trial and appellate counsel based on his attorney's failure to advance a double jeopardy challenge to these counts was not objectively unreasonable assistance under Strickland. Given the OCCA's interpretation of the Oklahoma's legislature's intent, the OCCA's decision in this regard was not an unreasonable application of the Strickland standard. Petitioner has not shown that he was denied effective assistance of trial or appellate counsel, and habeas relief concerning this claim should be denied.

Petitioner also contends that his convictions and consecutive sentences for the offenses in counts two and eleven violated Oklahoma's statutory multiple punishments provision, Okla. Stat. tit. 21, § 11. Under Oklahoma law, a section 11 analysis is "a separate matter, not involving double jeopardy issues." Davis v. State, 993 P.2d 124, 125 (Okla. Crim. App. 1999). Because this issue involves solely a matter of state law, it does not provide grounds for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether

a conviction violated the Constitution, law, or treaties of the United States."). See also El Mansouri v. Jones, 235 Fed. Appx. 713, 717, 2007 WL 1502281 (10th Cir. May 24, 2007)(unpublished op.)(habeas petitioner's claim that convictions violated Oklahoma's statutory prohibition against double punishment involved purely matter of state law and could not serve as grounds for federal habeas relief), cert. denied, __ U.S. __, 128 S.Ct. 716 (2007); Howell v. Kaiser, 36 Fed. Appx. 925, 927, 2002 WL 89930, at *2 (10th Cir. Jan. 24, 2002)(unpublished op.)("As to Mr. Howell's claim that his conviction for both possessing and pointing a firearm after former conviction of a felony violates Oklahoma law against double punishment, we agree with the magistrate judge and the district court that this issue is a matter of state law which is not cognizable in a federal habeas action."), cert. denied, 537 U.S. 855 (2002). Thus, Petitioner's section 11 claim is not cognizable in this federal habeas proceeding.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 9th___ , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___19th___ day of ___November___, 2008.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE