## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TROY L. SPRADLING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-08-793-D |
| | ) | |
| MIKE ADDISON, | ) | |
| | ) | |
| Respondent. | ) | |

### **O R D E R**

Petitioner, a state prisoner appearing through counsel, seeks habeas corpus relief pursuant to 28 U. S. C. § 2254.  In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings.   The Magistrate Judge has filed a Report and Recommendation [Doc. No. 13] in which he recommended that the Petition be denied. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Petitioner challenges his convictions in the District Court of Logan County, Oklahoma for Lewd Acts with a Child Under 16, Sexual Battery, and two counts of Rape by Instrumentation. Petitioner was charged with forty felony counts alleging sexual abuse of his two daughters over a 13-year period; the jury convicted him of four counts and acquitted him of the remaining charges.  He was sentenced to five years of imprisonment on each count, and the trial court ordered that the sentences be served consecutively.  Petitioner appealed, and the convictions and sentences were affirmed. *Spradling v. State*, Case No. F-2005-165 (Okla. Crim. App. Sept. 20, 2006) (unpublished summary opinion).  Petitioner sought post-conviction relief, and his application was denied; the Oklahoma Court of Criminal Appeals  affirmed that decision. *Spradling v. State*, Case No. PC-2007-

1051 (Okla. Crim. App. Apr. 10, 2008) (unpublished opinion). This action followed.

Petitioner asserts two bases for relief; both concern the alleged denial of his Sixth Amendment right to effective assistance of counsel: 1) trial counsel failed to request that the prosecution be required to elect the acts upon which the specific charges were based, and appellate counsel did not assert that issue on appeal; and 2) trial counsel failed to challenge counts two and eleven on double jeopardy and multiple punishment grounds, and appellate counsel also failed to raise that issue on appeal.

In the Report and Recommendation, the Magistrate Judge set forth in detail the legal standards applicable to habeas claims based on ineffective assistance of counsel; he then explained in detail the law governing federal court habeas review of state court decisions. Report and Recommendation, pp. 3-5. That explanation need not be repeated here, and is adopted as though fully set forth herein. The Magistrate Judge then applied these established rules to the facts of this case, and concluded that Petitioner is not entitled to habeas relief.

In his objection, Petitioner does not contend that the Magistrate Judge incorrectly stated the rules regarding the analysis of habeas claims based on ineffective assistance of counsel or those governing the federal court's review of a state court's decision. Instead, he argues that the Magistrate Judge incorrectly applied those rules to the facts of this case and failed to adequately assess the state court rulings on Petitioner's claims.

The Court has carefully reviewed the analysis set forth in the Report and Recommendation; it has also considered in detail the arguments asserted by Petitioner in his objection. Having fully considered the governing law in light of the facts of this case and the state court decisions, the Court concludes that the Magistrate Judge properly analyzed Petitioner's claims according to the standards

governing habeas review; contrary to Petitioner's contention, the Magistrate Judge did not fail to address the issues. Petitioner's arguments are not persuasive.

Having reviewed the matter *de novo*, the Court concludes that the Report and Recommendation fully and correctly applies the proper standard of review in habeas cases to the facts of this claim, and support the recommendation that habeas relief be denied. The Court adopts the Report and Recommendation [Doc. No. 14] as though fully set forth herein. The petition is DENIED.

IT IS SO ORDERED this 27th day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE